UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VERNON CHARLES GUSTAFSON,<br><br>Defendant. | **ORDER TO CONTINUE JURY TRIAL**<br><br>Case No. 2:24-cr-00226<br><br>Judge David Barlow |

Based on the Motion to Continue Jury Trial filed by Defendant Vernon Charles Gustafson in the above-entitled case, and for good cause appearing, the court makes the following findings:

1. Defendant first appeared in this court on August 1, 2024 for the initial appearance on the Indictment returned in this matter. The jury trial was originally scheduled for October 4, 2024, which was within the 70-day time period.

2. Defendant has moved to continue trial pursuant to 18 U.S.C. § 3161(h)(7) (ends of justice) and 18 U.S.C. § 3161(h)(7)(B)(iv). This is the sixth request to continue trial in this matter. On November 3, 2025, counsel filed a motion to continue jury trial. This court granted the motion, continued the trial to the current setting of April 17, 2026, and excluded all time under speedy trial computation.

3. The length of the delay requested is 60 days.

4. Specifically, Defendant has alleged that the continuance is necessary because not granting the continuance would deny counsel for the defendant the reasonable

time necessary for effective preparation, taking into account the exercise of due diligence.

5. The facts that support this allegation include the following:

6. This case involves electronic records. The defense has received some such records from the government, but it appears not all, and the defense must now assess how to access the additional records. The defense has consulted with its own expert, and will need to receive a different form of image of the device(s) or records, to evaluate this evidence and possibly to rebut the claims of the government. Counsel cannot resolve the matter nor prepare for trial without reviewing this data. Counsel has, just recently, been informed of a new process that must be applied to the telephone.

7. Counsel therefore has not had an adequate opportunity to analyze the discovery in this case and will not have an adequate opportunity to do so and to prepare for trial by April 17, 2026.

8. The defense needs additional time for its expert to access and to evaluate the evidence in this case.

9. Failure to grant this continuance will result in a miscarriage of justice and prevent a fair trial.

10. The Defendant has been informed of this ongoing process and the need to receive his expert's report, and therefore the need to continue the trial.

11. Defense counsel has conferred with the prosecutor in this action and the prosecutor does not object to the requested continuance.

12. There are no codefendants.

Based on the foregoing findings, the court concludes that failure to grant such a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial.

THEREFORE, the 3-day Jury Trial previously scheduled to begin on April 17, 2026, is hereby continued to the 18th day of June, 2026. Accordingly, the time between the filing of this motion on March 12, 2026, and the new trial date set forth above, June 18, 2026, is excluded from speedy trial computation for good cause.

DATED this 12th day of March, 2026.

BY THE COURT:

_____

David Barlow
United States District Court Judge